IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
Civil Action No. 4:25-CV-00127-FL

NATALIE GENE PARSONS )
)
      Plaintiff, )
)
v. )    **ANSWER AND AFFIRMATIVE**
)    **DEFENSES TO PLAINTIFF'S**
GRAY LOCAL MEDIA, INC. )    **COMPLAINT**
)
      Defendant. )
)

Defendant Gray Local Media, Inc.[1] ("Defendant" or "Gray Local Media") files this Answer and Affirmative Defenses ("Answer") to Plaintiff's Complaint (D.E. 1) and alleges and states:

**FIRST DEFENSE**

In response to the allegations of Plaintiff's Complaint, Defendant responds as follows:

<u>Response to Paragraph I.A. "The Parties to This Complaint: The Plaintiff(s)"</u>

Defendant admits the allegations in Paragraph I.A, upon information and belief.

<u>Response to Paragraph I.B. "The Parties to This Complaint: The Defendant(s)"</u>

Defendant admits that WITN-TV's Greenville station's street address is 275 E. Arlington Blvd, Greenville, NC 27858 and that its telephone number is (252) 439-7777. Defendant denies that WITN-TV is a properly named defendant in this case because WITN-TV is not a separate entity. Defendant admits that the principal office address of Gray Media, Inc. f/k/a as Gray Television, Inc. ("Gray Television") is 4370 Peachtree Road, NE Suite 400, Atlanta, GA 30319

---

[1] Plaintiff has incorrectly named "Gray Television" and "WITN-TV" as separate defendants in this matter. The television station where Plaintiff worked, WITN-TV, is part of Gray Local Media, Inc., which was Plaintiff's employer and is the proper defendant in this action. "WITN-TV" is not a separate entity.

and that its telephone number is (404) 266-8333. Defendant denies that Gray Television is properly named as a defendant because Gray Local Media, Inc. was Plaintiff's employer, not Gray Television. Except as specifically admitted, the allegations of Paragraph I.B. "The Parties to This Complaint: The Defendant(s)" are denied.

Response to Paragraph I.C. "The Parties to This Complaint: Place of Employment"

Defendant admits that the television station where Plaintiff worked, WITN-TV's Greenville, North Carolina station, is located at 275 E. Arlington Blvd, Greenville, NC 27858 and that its telephone number is (252) 439-7777. Except as specifically admitted, the allegations of Paragraph I.C. "The Parties to This Complaint: Place of Employment" are denied.

Response to Paragraph II. "Basis for Jurisdiction."

Defendant admits that Plaintiff purports to bring an action for discrimination in employment under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* ("Title VII") and the Retaliatory Employment Discrimination Act, N.C.G.S. §§ 95-240 *et seq.* ("REDA"). Defendant denies that it committed any unlawful employment practices with respect to Plaintiff. Except as specifically admitted, the allegations of Paragraph II. "Basis for Jurisdiction" are denied.

Response to Paragraph III.A. "Statement of Claim"

Defendant admits that Plaintiff purports to complain of the following alleged discriminatory conduct: "Termination of my employment," "Unequal terms and conditions of my employment," "Retaliation," and "Wrongful Termination." Defendant denies that it committed any unlawful employment practices with respect to Plaintiff. Except as specifically admitted, the allegations of Paragraph III.A. "Statement of Claim" are denied.

Response to Paragraph III.B. "Statement of Claim"

Defendant admits that Plaintiff was employed from February of 2023 to March 1, 2024. Defendant denies that it committed any unlawful employment practices with respect to Plaintiff. Except as specifically admitted, the allegations of Paragraph III.B. "Statement of Claim" are denied.

Response to Paragraph III.C. "Statement of Claim"

Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of what Plaintiff believes. Defendant denies that it committed any unlawful employment practices with respect to Plaintiff. Except as specifically admitted, the allegations of Paragraph III.C. "Statement of Claim" are denied.

Response to Paragraph III.D. "Statement of Claim"

Defendant admits that Plaintiff purports to allege that Defendant discriminated against based on her "gender/sex: Female." Defendant denies that it committed any unlawful employment practices with respect to Plaintiff. Except as specifically admitted, the allegations of Paragraph III.D. "Statement of Claim" are denied.

Response to Paragraph III.E. "Statement of Claim"

Defendant admits that Plaintiff was hired as a Forecaster in February 2023. Defendant admits that in May of 2023, Plaintiff applied for the role of Anchor/Producer and was hired into that position. Defendant admits that on September 20 and 22, 2023, and February 25, 2024, Plaintiff sent emails to Gary Heichelbech, Director, Employee Relations for Defendant expressing a litany of allegations related to generalized grievances, perceived slights, and personality conflicts, including assertions that: (1) "[n]o one stays the station for the full term of their contract" because "it's so negative and a hostile work environment"; (2) the station had high turnover and "negative vibes"; (3) the "Newsroom is 75-90% women" and the station "lost

male employees in recent months" and were replaced by women; (4) Plaintiff told her supervisor Clayton Bauman that it might "be in the team's better interest not to hire another female"; (5) Plaintiff was required to cover a "[m]id-day news cut-in" in her role as Anchor/Producer; (6) another female employee had been promoted twice; (7) Mr. Bauman hired a producer for her show and Plaintiff felt "ignored" and "underappreciated" because he did not do so sooner; (8) Plaintiff was "delayed" in submitting a PTO request and the request was thus denied, and Plaintiff responded to the decision by declaring that "I am NOT taking time away from my family . . . . So this is a heads-up that I WILL BE calling out"; (9) Mr. Bauman did not circulate an all-staff email to inform them that a staff member had contracted COVID-19; (10) Mr. Bauman "micromanag[ed]" Plaintiff by asking her to share her ideas for ensuring that the station was covering big local news stories and offering to help her incorporate these news stories into her show; (11) Mr. Bauman "stepp[ed] on [Plaintiff's] shows" by booking interviews for her show; (12) Mr. Bauman attempted to "sabotage" Plaintiff by putting a "breaking news" segment in her show; and (13) a male employee allegedly claimed that he was suffering from a "toxic work environment" at the hands of Mr. Bauman, among other complaints. Defendant denies that it discriminated against Plaintiff, retaliated against her, or wrongfully terminated her employment on the basis of any legally protected characteristic or conduct and denies that it committed any other unlawful employment practices with respect to Plaintiff. Except as specifically admitted, the allegations of Paragraph III.E. "Statement of Claim" are denied.

Response to Paragraph IV.A. "Exhaustion of Federal Administrative Remedies"

Defendant admits that Plaintiff filed a charge with the U.S. Equal Employment Opportunity Commission ("EEOC") on September 9, 2024 and an amended charge with the EEOC on February 23, 2025 and that EEOC issued a Notice of Right to Sue letter dated April 22, 2025. Defendant lacks knowledge or information sufficient to form a belief as to the truth or

falsity of the statement that Plaintiff "submitted my 'inquiry' on 3/3/2024'" and thus, that allegation is denied. Except as specifically admitted, the allegations of Paragraph IV.A. "Exhaustion of Federal Administrative Remedies" are denied.

Response to Paragraph IV.B. "Exhaustion of Federal Administrative Remedies"

Defendant admits that the EEOC issued a Notice of Right to Sue letter dated April 22, 2025. Except as specifically admitted, the allegations of Paragraph IV.B. "Exhaustion of Federal Administrative Remedies" are denied.

Response to Paragraph V. "Relief"

Defendant admits that Plaintiff purports to allege her damages and assert the alleged wrongs supporting the basis for those damages. Defendant denies that Plaintiff is entitled to any damages or relief whatsoever, denies the alleged wrongs purporting to support the basis for those damages, and denies that it engaged in any unlawful employment practices with respect to Plaintiff. Except as specifically admitted, the allegations of Paragraph V. "Relief" are denied.

**SECOND DEFENSE**

Any allegations of Plaintiff's Complaint not expressly admitted are hereby denied.

**THIRD DEFENSE**

To the extent Plaintiff's Complaint fails to properly allege a cause of action against Defendant, that cause of action should be dismissed for failure to state a claim upon which relief can be granted.

**FOURTH DEFENSE**

Defendant acted at all times reasonably and in good faith towards Plaintiff.

**FIFTH DEFENSE**

Plaintiff did not engage in any statutorily protected activity under REDA or Title VII during her employment.

**SIXTH DEFENSE**

All actions taken by Defendant regarding Plaintiff's employment or affecting Plaintiff were based on legitimate, non-discriminatory, non-retaliatory, and non-pretextual reasons that were in no way related to Plaintiff's sex or alleged protected activity.

**SEVENTH DEFENSE**

If any improper, illegal, discriminatory, or retaliatory actions were taken by any of Defendant's employees against Plaintiff, they were outside the course and scope of that employee's employment, contrary to Defendant's policies and good faith efforts to comply with the law, and were not ratified, confirmed, or approved by Defendant. Thus, any such actions cannot be attributed or imputed to Defendant.

**EIGHTH DEFENSE**

Plaintiff cannot establish alleged protected activity as a "but-for" cause of the challenged adverse employment action or that she was subjected to an adverse employment action because she engaged in alleged protected activity.

**NINTH DEFENSE**

Even if Plaintiff can prove that any adverse action was improperly motivated – which she cannot – Defendant would have taken the same action in the absence of such motivation.

**TENTH DEFENSE**

To the extent Plaintiff's Complaint can be read to be seeking punitive damages, which it does not expressly state, Plaintiff is not entitled to punitive damages because Defendant did not act with malice or reckless indifference to Plaintiff's legally protected rights.

**ELEVENTH DEFENSE**

To the extent Plaintiff's Complaint can be read to be seeking punitive damages, which it does not expressly state, punitive damages, if granted by the Court, would deprive Defendant of

its rights under the Fifth, Eighth, and Fourteenth Amendments of the U.S. Constitution and Article I, ¶¶ 19 and 27 of the North Carolina Constitution.

### TWELFTH DEFENSE

To the extent that it is determined that Plaintiff is entitled to recover in this action, which is specifically denied, Plaintiff may not recover damages for any period of time in which she did not make a reasonable effort to find comparable employment. Defendant pleads Plaintiff's failure to mitigate damages as a bar to recovery.

### THIRTEENTH DEFENSE

Upon discovery of sufficient facts, Defendant reserves the right to raise the defense of "after-acquired evidence."

### FOURTEENTH DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands.

### FIFTEENTH DEFENSE

Plaintiff's claims are barred in whole or in part by the equitable doctrines of waiver and estoppel.

### SIXTEENTH DEFENSE

The damages claimed by Plaintiff are not the proximate result of any acts or omissions by Defendant.

### SEVENTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to exhaust administrative remedies and/or comply with the statutory pre-requisites to bringing this action.

### EIGHTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to timely file an EEOC Charge containing the allegations alleged in her Complaint.

## NINETEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to file a REDA complaint with the North Carolina Department of Labor Retaliatory Employment Discrimination Bureau and obtain a right-to-sue letter enabling Plaintiff to bring a civil action.

## TWENTIETH DEFENSE

To the extent that Plaintiff pleads discrete adverse actions that occurred more than 180 days before Plaintiff filed a Charge with the EEOC, such claims are time-barred.

## TWENTY-FIRST DEFENSE

To the extent Plaintiff's claims differ from, were not included in, or exceed the scope of the Charge she filed with the EEOC, such claims are subject to dismissal.

## TWENTY-SECOND DEFENSE

To the extent Plaintiff's Complaint can be read to allege a cause of action under the Equal Pay Act, which it does not expressly state, Defendant cannot be held liable for any alleged wage disparity because such disparity was the result of another factor other than sex.

## TWENTY-SECOND DEFENSE

To the extent Plaintiff's Complaint can be read to allege a cause of action under the Equal Pay Act, which it does not expressly state, Plaintiff cannot establish a prima facie case of unequal pay because she did not perform job duties substantially equal to those performed by her male comparator(s).

## TWENTY-THIRD DEFENSE

To the extent Plaintiff's Complaint can be read to allege a cause of action for harassment, which it does not expressly state, this claim is barred because Defendant exercised reasonable steps to prevent and promptly correct any unlawful harassment and had effective preventive and

corrective complaint mechanisms in place, and Plaintiff failed to reasonably use the preventive and corrective opportunities or otherwise failed to avoid harm.

## TWENTY-FOURTH DEFENSE

To the extent Plaintiff's Complaint can be read to allege a cause of action for a hostile work environment, which it does not expressly state, this claim is barred because Defendant maintained policies prohibiting and remedying harassment and Plaintiff did not reasonably avail herself of such policies.

## TWENTY-FIFTH DEFENSE

Even if any employee of Defendant engaged in any unlawful conduct towards Plaintiff, which is denied, Defendant neither knew nor reasonably should have known of such unlawful conduct.

## TWENTY-SIXTH DEFENSE

Defendant reserves the right to assert additional defenses and/or counterclaims as may appear applicable during the course of this litigation.

WHEREFORE, Defendant prays the Court as follows:

1. Plaintiff have and recover nothing by this action and that Plaintiff's claims be dismissed with prejudice;

2. Defendant be awarded its costs and reasonable attorneys' fees; and

3. Defendant be awarded such other and further relief as the Court may deem just and proper.

Respectfully submitted this 13th day of October, 2025.

                                      OGLETREE, DEAKINS, NASH,
                                      SMOAK & STEWART, P.C.

                                      /s/ Michael D. McKnight
                                      Michael D. McKnight (N.C. Bar No.: 26932)
                                      Savannah S. Trimmer (N.C. Bar No.: 58082)
                                      8529 Six Forks Road
                                      Forum IV, Suite 600
                                      Raleigh, NC 27615
                                      Telephone: 919.787.9700
                                      Facsimile: 919.783.9412
                                      michael.mcknight@ogletree.com
                                      savannah.trimmer@ogletree.com
                                      *Attorneys for Defendant Gray Local Media, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this date a copy of the foregoing **ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT** was electronically filed with the Clerk of Court using the CM/ECF system and a copy of the foregoing was served upon the following person in accordance with the Federal Rules of Civil Procedure by depositing a copy thereof, via First Class mail, postage paid in the United States mail, addressed to:

Natalie Gene Parsons
1450 Annunciation Street
Apt. 2208
New Orleans, LA
Telephone: 516.761.7297
nataliegparsons@gmail.com
*Pro Se Plaintiff*

This 13th day of October, 2025.

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.

/s/ Michael D. McKnight
Michael D. McKnight (N.C. Bar No.: 26932)
Savannah S. Trimmer (N.C. Bar No.: 58082)
8529 Six Forks Road
Forum IV, Suite 600
Raleigh, NC 27615
Telephone: 919.787.9700
Facsimile: 919.783.9412
michael.mcknight@ogletree.com
savannah.trimmer@ogletree.com
*Attorneys for Defendant Gray Local Media, Inc.*